WEBB et al. v. STONE et al.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1912.)

No. 3,771.

1. MORTGAGES (§ 319*)—PAYMENT—EVIDENCE.

Complainant company, having advanced defendant S. $28,813.50 to purchase 788 head of cattle, agreed to advance him $10,000 more to feed the cattle, on condition that complainant W. would guarantee the company to that extent. To obtain such guaranty, defendants executed a mortgage on certain real property, pursuant to a contract that, on payment of $26,000, he would cause the mortgage to be released. The cattle were thereafter sold for $38,650.22, but prior thereto complainant company sold 299 head of other cattle to S., for which he gave his note for $10,500: the wife of S., to whom the mortgaged property belonged, being in no manner connected with that transaction. Held, that complainant W. had no right to apply the proceeds of the cattle sold to the payment of the purchase price of both bunches of cattle before applying the same to the $10,000 advancement for feed, and that the note and mortgage were therefore paid and satisfied.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 855–863, 875, 913, 1356, 1366; Dec. Dig. § 319.*]

2. SUBROGATION (§ 7*)—SECURITY TO GUARANTOR—ENFORCEMENT.

Where defendants executed a mortgage on real property to W. to induce him to guarantee defendants' indebtedness to a commission company for advances, W. was not entitled to foreclose the mortgage prior to his having paid anything to the creditor on the guaranty.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 17, 18, 21–29, 38, 77, 83, 92; Dec. Dig. § 7.*]

3. TRUSTS (§ 210*)—CONTRACT OF TRUSTEE—CONCLUSIVENESS AGAINST BENEFICIARY.

Where defendants executed a mortgage to W. to induce him to guarantee defendants' indebtedness to a commission company, the latter was bound by W.'s contract with defendants with reference to the payment of the debt in case W. were regarded as a trustee of the security for the commission company.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 297, 299, 300; Dec. Dig. § 210.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by Percy M. Webb and the French-Webb Live Stock Commission Company against Rene E. Stone and another to foreclose a mortgage on certain real estate owned by defendant Grace E. Stone, with cross-action by defendants Stone to have the mortgage canceled and their title quieted as against such mortgage. From a decree in favor of defendants in the original action and for complainants in the cross-action, Percy M. Webb and the French-Webb Live Stock Commission Company appeal. Affirmed.

I. W. Stephens, of Ft. Worth, Tex. (Stephens & Miller, of Ft. Worth, Tex., on the brief), for appellants.

W. I. Gilbert, of Oklahoma City, Okl. (E. H. Bond, of Oklahoma City, Okl., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. It appears from the facts in this case that in November, 1909, the French-Webb Live Stock Commission Company advanced to Rene E. Stone the sum of $28,813.50, with which to purchase 788 head of cattle. The cattle were purchased by Rene E. Stone, and a mortgage given upon them to the French-Webb Live Stock Commission Company to secure the money thus advanced. Stone expected to obtain money from a local bank with which to procure feed for said cattle. After getting the cattle to his place, the bank failed to furnish him the money with which to procure feed for the cattle, and he then applied to the French-Webb Company, of which Percy M. Webb was at that time vice president, and, during the following year, president, stating the condition, and saying in effect that he saw no way out but for them to take the cattle back. Negotiations were had whereby the French-Webb Commission Company agreed to advance Stone money with which to buy feed for the stock, if Percy M. Webb would guarantee the payment of the same. Percy M. Webb guaranteed the Commission Company to the extent of $10,000, and to secure Webb from loss by reason of such guaranty Rene E. Stone and Grace E. Stone gave to Webb a mortgage upon certain real estate owned by Grace E. Stone, in the sum of $10,000. At the same time of the giving of the mortgage, a contract was entered into between Percy M. Webb and Rene E. Stone, as follows:

"Know all men by these presents, that, whereas, R. E. Stone, of Purcell, Okla., is indebted to the French-Webb Live Stock Com. Co. of Ft. Worth, Texas, in the sum of twenty-eight thousand eight hundred thirteen and 50/100 ($28,813.50) dollars, for which the said Rene E. Stone has given his certain promissory notes; and, whereas, the said R. E. Stone, joined by his wife, Grace E. Stone, has this day executed to Percy M. Webb their joint promissory note in the sum of ten thousand ($10,000.00) dollars, due and payable July 1, 1910:

"Now, in consideration of the mutual undertakings of the parties hereto, it is agreed that upon the payment of said $10,000.00 to the said Percy M. Webb, and sixteen thousand ($16,000.00) dollars additional, the same consti-

tuting a portion of the $28,813.50, the said Percy M. Webb shall cause to be executed and delivered to the said R. E. Stone a release to the mortgage this day executed by the said R. E. Stone and Grace E. Stone, his wife, said release to be in statutory form, to be properly executed and acknowledged, and that upon the payment of said sums, neither the said Percy M. Webb, nor the said French-Webb Live Stock Com. Co. shall have or claim any further lien or interest whatsoever in and to the lands described in the mortgage of even date herewith.

"Witness our hands at Purcell, Oklahoma, this 27th day of November, 1909.                                                                Rene E. Stone.
                                                                                                 "Percy M. Webb."

It was also agreed between Webb and Stone that Stone should put 400 head of the cattle upon full feed, the remaining 388 head to be run in the stock fields upon rough feed. Subsequently Stone sold 425 head of the cattle for $19,801, and remitted a check for the same either to Percy M. Webb or to the French-Webb Live Stock Commission Company. They deducted therefrom, as expenses, commissions upon the sale of the cattle, discount on the check, retained out of the amount in round numbers $2,000 to cover advances, and credited Rene E. Stone upon his note for $28,813.50, with $17,000. The remaining cattle were subsequently sold for Stone by the French-Webb Live Stock Commission Company, and he was credited with the net proceeds. The total amount for which the 788 head of cattle sold was $38,650.22; the last of the cattle being sold in June, 1910. In April, 1910, the French-Webb Live Stock Commission Company sold another bunch of cattle, consisting of 299 head, to Rene E. Stone, for which he gave his note in the sum of $10,500. Grace E. Stone was in no manner connected with the latter purchase. In December, 1910, Percy M. Webb brought an action to foreclose the real estate mortgage given by Rene E. Stone and Grace E. Stone upon her land. They answered, alleging payment, and also instituted their action against Webb and the French-Webb Live Stock Commission Company, to have said mortgage canceled and their title quieted as against said mortgage. The two actions were subsequently consolidated and heard together. The trial court found that the mortgage was paid, entered a decree dismissing the foreclosure bill filed by Percy M. Webb, and in favor of Rene E. Stone and Grace E. Stone, canceling and discharging the mortgage, from which Percy M. Webb and the French-Webb Live Stock Commission Company prosecute this appeal.

[1] The real question in the case is this: Was the mortgage paid and satisfied upon the net payment of $26,000 by Stone out of the proceeds of the sale of the 788 head of cattle. We think it was. This mortgage was given to secure Webb from loss upon his guaranty to the French-Webb Live Stock Commission Company for advancements which the French-Webb Live Stock Commission Company should make to Stone to feed the 788 head of cattle, to the amount of $10,000; and the contract between Webb and Stone was that, upon payment of the $10,000, which should be so advanced, and of $16,000 additional, upon the $28,813.50 mortgage given for the purchase price of the cattle, that the real estate mortgage should be discharged. More than this was paid from the proceeds of those cattle; but the

French-Webb Live Stock Commission Company and Percy M. Webb insist that they have a right to apply the proceeds of the cattle in full payment of the $28,813.50 mortgage, and the indebtedness resulting from the purchase and sale of the subsequent lot of cattle bought by Stone, before applying anything upon the $10,000 note secured by the real estate mortgage.

In executing the $10,000 note and securing the same by mortgage upon real estate owned by Grace E. Stone, Grace E. Stone was, as between her and her husband, Rene E. Stone, a surety merely, and such fact was known to Percy M. Webb. The written contract above mentioned, between Rene E. Stone and Percy M. Webb, was executed, as stated, at the same time of giving the $10,000 note and real estate mortgage. It was a part and parcel of the same transaction, and they should be construed together. The note and mortgage were made with reference to advancements which should be made by the French-Webb Live Stock Commission Company, to procure feed for the 788 head of cattle only, and when there was paid, from the proceeds of those cattle or otherwise, the amount advanced for such feed (not exceeding $10,000), and $16,000 upon the note of $28,813.50, the note for $10,000, for which Grace E. Stone mortgaged her real estate as surety, was fully discharged. The account of the Commission Company with Rene E. Stone was kept as a running account, covering advancements made relative to the two purchases of cattle, and after crediting all Stone's payments to the Commission Company upon both transactions there was a balance of $8,385 due from Stone, and as this was $1,615 less than $10,000 they credited $1,615 upon the note secured by the real estate mortgage.

[2, 3] In the first place, Percy M. Webb could not maintain the action of foreclosure, as he had not paid the Commission Company anything upon his guaranty of $10,000, and hence there was nothing due him from the Stones. If it be said that he took the mortgage in effect to himself as trustee for the French-Webb Live Stock Commission Company, they are bound by his contract with Stone. So, in either event, whether the contract referred to between Stone and Webb was made by Webb in his individual capacity, and in consideration of his guaranty of advances of money to feed the 788 head of cattle to the extent of $10,000, or whether it was made with him as trustee for the French-Webb Live Stock Commission Company, is immaterial. In either view of the case, the contract was performed, which entitled the Stones to a release of that mortgage.

For these reasons, the decree is affirmed.